IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JOHN SCOTT JORGENSEN
PRO SE

_(Write the full name of each plaintiff who is filing this
complaint. If the names of all the plaintiffs cannot fit in
the space above, please write "see attached" in the space
and attach an additional page with the full list of names.)_

-against-

LYNCHE NEWMAN LAW
19 VINCENT DAMARISCOTTA
MAINE 04543    SEE BELOW

_(Write the full name of each defendant who is being sued.
If the names of all the defendants cannot fit in the space
above, please write "see attached" in the space and attach
an additional page with the full list of names.)_

**Complaint for a Civil Case**

Case No. **CV  24  7452**
_(to be filled in by the Clerk's Office)_

Jury Trial:    ☑ Yes    ☐ No
_(check one)_

DONNELLY, J.

LOCKE, M. J.

ROBERT GREGORY LAW FIRM
KATHY JORGENSEN

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   OCT 25 2024   ★

LONG ISLAND OFFICE

REC'D IN PRO SE OFFICE
OCT 25 '24 AM 10:18

RECEIVED

OCT 25 2024

EDNY PRO SE OFFICE

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional
pages if needed.

Name _JOHN SCOTT JORGENSEN_

Street Address _~~VANDERSTREET~~_

City and County _~~DAMARISCOTTA LINCOLN~~_

State and Zip Code _~~MAINE~~_

Telephone Number _1/5 MONTAUK HWY / SUFFOLK Ct._

E-mail Address _jorgensenjxj@gmail.com_

_631-469-8220_

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the
defendant is an individual, a government agency, an organization, or a corporation.  For an
individual defendant, include the person's job or title (if known).  Attach additional pages if
needed.

Defendant No. 1

Name _LYNCH & NEWMAN LAW_

Job or Title _19 VINE ST_
(if known)

Street Address _DAMARISCOTTA_

City and County _LINCOLN COUNTY_

State and Zip Code _MAINE  04543_

Telephone Number _____

E-mail Address _____
(if known)

Defendant No. 2

Name _ROBERT GREGORY LAW_

Job or Title _PRES_
(if known)

Street Address _10 WATER ST_

City and County _DAMARISCOTTA MAINE
04543  LINCOLN
COUNTY_

State and Zip Code _____

Telephone Number _____

E-mail Address _____

(if known)

Defendant No. 3

Name ___KATHY  JORGENSEN___

Job or Title ___INDIVIDUAL___

(if known)

Street Address City ___1723  APACHE ST___

and County State ___DARE (?) COUNTY___

and Zip Code ___KILL DEVIL  NC___

Telephone Number ___336-512-0097___

E-mail Address _____

(if known)

Defendant No. 4

Name _____

Job or Title _____

(if known)

Street Address City _____

and County State _____

and Zip Code _____

Telephone Number _____

E-mail Address _____

(if known)

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.**     **If the Basis for Jurisdiction Is a Federal Question**   *DIVERSITY OF CITIZENSHIP*

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*HARVARD LAW REVIEW, 137 @ P1226*
*MARSHALL v MARSHALL 547 U.S. 293 (2006)*
*MILLER LAW, MICHIGAN, TORTIOUS*
*INTERFERENCE*

**B.**     **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.     The Plaintiff(s)

a.     If the plaintiff is an individual        *PRO SE*

The plaintiff, *(name)* _JOHN S. JONENSEN_, is a citizen of the State of *(name)* _NEW YORK_

b.     If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

a.     If the defendant is an individual     _ROBERT GREGORY_

The defendant, *(name)* _LYNCH NEWMAN_, is a citizen of the State of *(name)* _MAINE_. *Or* is a citizen of *(foreign nation)* _____.

4

b.    If the defendant is a corporation

The defendant, *(name)* LYNCH & NEWMAN, is incorporated under
the laws of the State of *(name)* MAINE, and has its
principal place of business in the State of *(name)*
MAINE. *Or* is incorporated under the laws of *(foreign
nation)* _____, and has its principal place of business
in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page
providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or
the amount at stake—is more than $75,000, not counting interest and costs of court,
because *(explain)*:

5 MILLION DOLLARS
LYNCH & NEWMAN ANNUAL INTAKE

**III.    Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as
possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State
how each defendant was involved and what each defendant did that caused the plaintiff harm or
violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more
than one claim is asserted, number each claim and write a short and plain statement of each claim in a
separate paragraph.  Attach additional pages if needed.

MY BROTHER & SISTER EMBEZZELED
$150,000.00 OF MOM'S MONEY THEN
SUBMITTED IT TWO 2 LAW FIRMS MENTIONED
ABOVE. THE RESULT WAS A DISPUTE
OF MOM'S WILL. THE EXECUTOR
DISQUALIFIED HIMSELF

JSN. 10/25/2024

IV.    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not
make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the
present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for
these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons
you claim you are entitled to actual or punitive money damages.

_5 MILLION DOLLARS IS LYNCHS_
_NEWMAN'S ANNUAL INCOME._
_PUNITIVE DAMAGES ARE UP TO_
_THE E.D.N.Y._

V.    **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge,
information, and belief that this complaint: (1) is not being presented for an improper purpose, such as
to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by
existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely have
evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the
complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related
papers may be served.  I understand that my failure to keep a current address on file with the
Clerk's Office may result in the dismissal of my case.

Date of signing: _25 OCT_, 20_2.4_

Signature of Plaintiff

Printed Name of Plaintiff    _JOHN SCOTT JORGENSEN_

CASE

This lawsuit challenges the TORTIOUS INTERFERENCE
By these two law firms and my sister
Kathy which resulted in dividing

the assets of THE ESTATE of ALICE PEARSON
JORGENSEN between 2 parties ;

Peter Jorgensen
and
Kathy Jorgensen

Instead of three , leaving out John Scott Jorgensen ,
your Plaintiff .

Legal Authorities cited are : Harvard Law Review ;
Federal Courts , 137 Harvard Law Review 1226 ,
Volume 137 , Issue 4 , February , 2024 .

Marshall v Marshall , 547 U.S. 293 . (2006) .

1). Miller Law , Michigan , sets forth six
conditions for proving Tortious Interference .

A) The Plaintiff had a Contract with a third party
B) The Defendants knew about the contract at the
time of the alleged interference .
C) The Defendants interfered intentionally .
D) The Interference was improper .
E) The Defendants conduct led to a Breach
of Contract .
F) The Plaintiff suffered damage as a result .

2). Miller Law , Michigan . In Re ; AIG , 2008
Securities Litigation , United States District Court ,

Southern District of New York ,  Case # 08-CV-04772
(Co - Lead Counsel)

3)   The Plaintiff had a Contract with a third party .
Decedent  Alice Pearson Jorgensen
left her Last Will and Testament .
Alice's Will named three beneficiaries :  Kathy ,
John and Peter Jorgensen .

4)   The Defendants knew about the Contract at the time
of the alleged interference .  The Defendants attempted to
Probate Alice's Will naming Peter as the executor .

5)   The Defendants interfered intentionally .  Only two
beneficiaries were paid by the two law firms
mentioned above :  Peter and Kathy .

6)   The Interference was improper .  Peter and Kathy
had written themselves checks from Alice's bank accounts
while Alice was under their care .  Kathy wrote herself
a $100,000.00 dollar check and Peter ,  following his
sister ,
wrote himself a $ 50,000.00 dollar check .  Alice countered
by immediately changing her monies to accounts out of
Peter
and Kathy's reach .  On September 30 ,  1999 ,  Alice
leased
apartment # 908 at Coburg Village located at Rexford ,
New York ,  12148 .  Alice stayed at Coburg Village
until just after her 90th birthday on July 26 ,  2011 .

30 SEP 1999 til    20 AUG 2011 is
P. 3
11 years 10 mos.
20 days  JSJ 24 OCT
24

Alice passed June ,  2012 .
At Alice's 90th birthday party ,  the Defendants
Peter and Kathy revealed that they had made
arrangements for moving Alice to an insane asylum,
High Point located near Saratoga ,  New York .
Starting as a page , back in the 1970s ,
 Alice took a job at the Huntington
Public Library and improving her education at C.W. Post
College located in Upper Brookville ,  New York ,
obtaining
a Degree as Master of Library Sciences ,  retiring as
Head Of the Reference Department at the Huntington
Public
Library .  23 years as a Public Servant , with a Civil
Servants
Employees Association (CSEA) retirement insurance
account
which should have stayed with Alice for life .  Our
impatient
beneficiaries ,  Peter and Kathy ,  were so
impatient that they took no action in maintaining Alice's
CSEA insurance in their haste to get rid of Alice and
get her money .  This failure to maintain Alice's CSEA
insurance is sufficient to trigger the provision in Alice's
Last Will which is written to make Plaintiff John Jorgensen
as the rightful Executor in Alice's Estate .
 When Peter and Kathy moved Alice to the insane
asylum ,  Alice rebuffed them with the words
"I'm not staying here", right to their faces .  I returned
the refrigerated tractor trailer to Higganum Connecticut

8.4

in order to assist Alice with her predicament .
A move to 1575 State Route 129 , a house Alice and
I previously purchased was elected as a remedy
compared to an insane asylum . See : 2:23-CV-00333-NT
as a reference . U. S. District Court in Maine , Portland .
At the time Alice and I moved to Maine , I had no Idea
Peter and Kathy had embezzled $150,000.00
from Alice's accounts . Peter and Kathy ,
by passing on Alice's large
sum of money to the Lynch and Newman law firm at
the town of Damariscotta , Maine ,
John Lynch and Matthew Newman enlisted the help
of the lawyer Robert Gregory , who had received
Alice's and my money for the generation of quit claim
deeds for the property at South Bristol , Maine . I
trusted Robert Gregory , which turned out to
be greivous error . Robert Gregory had a stronger
allegiance to Alice's money and thereby created a Conflict
of Interest to make Peter and Kathy's wishes prevail .
Robert Gregory's Fiduciary Interest to me was a negative
number including theft of stocks and bonds and theft
of Alice's savings account . The Conflict Of Interest
created by attorney Robert Gregory was shared
by attorneys John Lynch and Matthew Newman which
makes them Complicit .

7) The Defendant's conduct led to a Breach of Contract .
I had the lamentable experience of witnessing Robert
Gregory turn himself into a bald faced liar at the Board

P. 5

of Overseers of the Bar ,  Augusta ,  Maine ,
when Gregory denied changing a copy of my signature
on a blank sheet of paper into a document
designed to create a debt chargeable to me .
Board of Overseers Complaint # GCF 22-086 .
Although erstwhile Gong Show Hostess
Audrey Braccio dismissed my Complaint based
on a laches defense ,  the fact is a laches defense
is not available to someone who stands
with Unclean Hands .  Robert Gregory implied that
what I saw with my own eyes was not true .
A Breach of Contract is unmistakable
in the case at bar .

8)   The Plaintiff suffered damage as a result .
One third or $150,000.00 is $50,000.00 Dollars .
All of Alice's Stocks and Bonds should
have been tendered to Your Plaintiff ,  the
only requirement thereof is being named
as a beneficiary in Alice's Will .  Robert
Gregory seized all of Alice's Stocks and
Bonds to be given to Peter and Kathy ,
Approximately 50 Thousand Dollars worth .
The passage
of time has interfered with my ability to
become a tractor trailer owner operator .
5 to 7 Thousand Dollars a week potential .
These old bones are not what they used to be !

Plaintiff Prays for the assistance of the Pro Bono

Department at the Central Islip Courthouse ,
Compensatory and Punitive Damages ,
and such other and further damages as to This
Court may seem Just and Proper .

John Scott Jorgensen

_John Scott Jorgensen_                         24 oct 24

Sworn to before me this _____ day of _____,
2024 .


_____

NOTARY PUBLIC

- JOHN SCOTT JORGENSEN
  115 MONTAUK HWY
- EAST MORICHES N.Y. 11940
- 631 - 469 - 8220

jorgensenjsj @ gmail . com

p. 7

*[handwritten across top:] ... is a ... of decedents will ... [signature] John J.*

RECEIVED
LINCOLN COUNTY

APR 19 2013

PROBATE COURT

**STATE OF MAINE**
**LINCOLN COUNTY**

**PROBATE COURT**
**Docket No. 2012-0221**

IN RE: ESTATE OF )
ALICE P. JORGENSEN )
)

**AGREEMENT BETWEEN**
**BENEFICIARIES PURSUANT**
**TO 18-A M.R.S.A. § 3-912**

This agreement made this 9TH day of February, 2013 by and between the undersigned parties, being all the residual beneficiaries under Article THIRD of the Holographic Last Will and Testament of Alice P. Jorgensen, amended by her handwriting on July 15, 1979 and April 26, 1989 (the "Will"). The undersigned Parties hereby state as follows:

WHEREAS:

1. Alice P. Jorgensen (the "Decedent") died testate on June 6, 2012.

2. The Decedent's Will was duly admitted to Probate in the Lincoln County Probate Court on August 9, 2012.

3. At her death, the Decedent was survived by three (3) adult children, Peter B. Jorgensen, Anne K. Jorgensen, and John S. Jorgensen("the Parties").

4. Article THIRD of the Will provides as follows:

   "All the rest, residue and remainder of my property and estate, of every nature and description and wheresoever situate [sic], of which I may die seized or possessed, or over which at the time of my death I may have power of appointment or disposition, I give, devise and bequeath to my children, Anne K., John and Peter...."

NOW THEREFORE, the parties hereby state and agree as follows,

5. Decedent intended her estate be equally distributed to her children, undersigned Parties.

6. John S. Jorgensen received certain non-probate assets of the Decedent not received by either of his siblings

7. To achieve the equitable distribution of assets sought by the Decedent, John S. Jorgensen hereby waives any right to his share of the Decedent's probate assets. Therefore, all of the Decedent's probate assets shall be equally divided between the Decedent's son, Peter B. Jorgensen and the Decedent's daughter Anne K. Jorgensen.

*[handwritten in margin:] JSS 24 OCT 24 P.9*

*[handwritten at bottom:] I DISPUTE THIS BECAUSE IT CHALLENGES DECEDENT'S WILL. A GRATUITOUS ARBITRARY STATEMENT LACKS FACTUAL PARTICULARITY. JSJ.*

8.   The undersigned parties intend that this Agreement bind them and their respective successors in interest pursuant to the Maine Probate Code, 18-A M.R.S.A. § 3-912.

9.   Each of the undersigned parties hereby acknowledge that he or she has either retained the advice of independent legal counsel prior to entering into this Agreement or has voluntarily waived his or her right to do so.

WHEREFORE, the parties have set hereon their respective hands and seals on the dates indicated below.

| Date | John S. Jorgensen |
|---|---|
| 2/9/2013 | *Peter B. Jorgensen* |
| Date | Peter B. Jorgensen |
| Feb 5, 2013 | *Anne K. Jorgensen* |
| Date | Anne K. Jorgensen |

STATE OF MAINE
Lincoln County, ss:                     Date: _____ 2013

Then personally appeared, before me, the above named John S. Jorgensen and acknowledged the foregoing instrument to be his free act and deed,

_____
Notary Public

_____
Print or Type Name

*N.B. PETER HAS FORFEIT HIS POSITION AS EXECUTOR AS OF AUG 20, 2011    JSS 24 OCT '24*

*P. 10*
*P. 10*

2

I, ALICE PEARSON JORGENSEN, residing at 20 Preston Street, Huntington, New York, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all other wills and testaments and codicils thereto by me at any time heretofore made, and intending hereby to dispose of all my property and estate of every nature and description and wheresoever situate, and intending hereby to exercise all powers of appointment or disposition whatsoever that I may have.

FIRST: ~~I direct that my body shall be given to a military or private hospital, medical school or other similar institution selected by my Executor to be used in any manner and for any purpose as the institution may wish. My Executor should effect the immediate delivery of my body to such institution in the event that the institution may desire to use one or more organs of my body for transplant purposes. If my Executor is unable to locate an institution which will receive my body, then~~ I direct that my body be cremated and my ashes be given a simple burial.

SECOND: I direct my Executor to pay all my just debts as soon after my decease as may be practicable.

THIRD: All the rest, residue and remainder of my property and estate, of every nature and description and wheresoever situate, of which I may die seized or possessed, or over which at the time of my death I may have power of appointment or disposition, I give, devise and bequeath to my ~~husband, JOHN BERNHARDT JORGENSEN,~~ children, Anne K. John and Peter and in the event that ~~he~~ they shall predecease me, or we shall both perish in a common disaster or under such circumstances as to render it difficult to determine who predeceased the other, then I give, devise and bequeath such property to my surviving issue in

equal shares ~~per stirpes~~.  In the event that I shall die without issue

me surviving, then I give, devise and bequeath ~~one-half (1/2)~~ *all* of the said

rest, residue and remainder of my property and estate to ~~my brother in law,~~ *My brother*

~~Edward H. Pearson~~ *residing at San Rafael, CA 94901.*

~~RALPH B. JORGENSEN, residing at Point Street, Natick, Massachusetts.~~ *If Edward H. Pearson*

~~If RALPH B. JORGENSEN~~ shall not survive me, then I give, devise and

bequeath the said ~~one-half (1/2)~~ *all* of my said residuary estate to ~~the then~~

~~my testamentary Ralph E. Jorgensen~~ ~~and~~ ~~at~~ ~~longer~~ ~~mint~~

~~living issue of RALPH E. JORGENSEN~~ in equal shares ~~per stirpes~~. ~~A give,~~

~~Devise and bequeath one-quarter (1/4)~~ ~~of the said rest, residue and~~

~~remainder of my property and estate to my sister, LOIS P. CARSON, residing~~

~~Ralph E. Jorgensen~~

~~at Strafford Wayne, Pennsylvania.~~ ~~I give, devise and bequeath the remain-~~

*sister-in-law, June J.*

~~ing one-quarter (1/4) of such property~~ ~~to my brother, EDWARD H. PEARSON,~~

*Keefe,   Wrentham, Mass   Seabrook, New Hampshire.*

residing at ~~Sausalito, California.~~


**FOURTH:**  All transfer, inheritance and estate taxes and death

duties, by whatever name called which are imposed upon or in relation to

any and all property (whether passing under this Will or not) which is

required to be included in my gross estate for the purpose of any estate

or death tax law, together with any interest or penalties which may be

assessed in connection with such taxes or duties, shall be paid as an admin-

istration expense out of my residuary estate without proration or apportion-

ment of any part of such taxes over the balance of my estate.


*sister Lois*

**FIFTH:**  I nominate, constitute and appoint my ~~husband, JOHN~~

*Pearson Carson*

~~BERNHARDT JORGENSEN,~~ as guardian of the person and property of my children

*sister*

during their respective minorities.  In the event that my said ~~husband~~

shall predecease me, then I nominate, constitute and appoint as guardian in

his place and stead, my adult daughter, ANN KATHERINE JORGENSEN.  I direct

that no bond or other security shall be required of any guardian named in

this, my Last Will and Testament, for the faithful performance of her or his

duties in any jurisdiction whatsoever.

JORGENSEN FIFTH ~~SIXTH~~: I nominate, constitute and appoint my ~~husband, JOHN~~ SON, Peter B. ~~BERNHARDT JORGENSEN~~, to be the Executor of this, my Last Will and Testament.

In the event that my said ~~husband~~ son shall predecease me or shall fail to qualify as Executor hereunder, or having qualified, shall cease to act as such Executor before completing the discharge of ~~his~~ his duties hereunder, then I nominate, constitute and appoint as Executor in ~~his~~ place and stead, my son, John S. Jorgensen residing at 30 Preston ST. Huntington NY ~~ONE B. WAKELEE, residing at Eleanor Drive, Huntington, New York~~. I direct that no bond or other security shall be required of any Executor named in this, my Last Will and Testament, for the faithful performance of ~~her~~ his duties in any jurisdiction whatsoever.

SIXTH ~~SEVENTH~~: I authorize and empower my Executor in dividing, conveying or distributing my estate, to convey, transfer and pay over the same in kind or in cash, or partly in kind and partly in cash.

I authorize and empower my Executor to sell, exchange, partition or otherwise dispose of any property, real or personal, of which I may die seized or possessed, at public or private sale, for such purposes and upon such terms and conditions, including sales on credit with or without security, in such manner and at such prices as he may determine.

I authorize and empower my Executor to compromise and adjust any liability or claim of whatsoever kind which may be made against or exist in favor of my estate, upon such terms and in such manner as may seem advisable.

All of the power, authority and discretion herein given to my Executor shall devolve upon and may be exercised by ~~his~~ northis successor.

IN TESTIMONY WHEREOF, I have hereunto set my hand and finger print this

26th   April

10th   July

," day of September, in the year of Our Lord, One Thousand Nine Hundred

Seventy-Eighty

and Sixty-nine.

As God is my witness.

_____ Alice P. Jorgensen _____ (L.S.)

Alice P. Jorgensen

Signed, sealed, published and declared by the above-named
Testatrix, ALICE PEARSON JORGENSEN, as and for her Last
Will and Testament, in the presence of us and of each of us,
who, in her presence, in the presence of each other, and
at her request, have hereunto subscribed our names as attesting
witnesses the day and year last above written.

_____ residing at _____

_____ residing at _____

_____ residing at _____

p.14        24 OCT 24
              JSJ

-4-         [initials]   p.8

*APPROVED FOR ENTRY TO*
*US DISTRICT COURT    JSJ  24 OCT 24*
*PETER IS NOT A PARTY TO E.D.N.Y*
*TO AVOID EXPOSURE TO FED R. 12*
*JSJ*
*24 OCT 24*

12
nov 2022

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE - BANGOR

— — — — — — — — — — — — — — — — — — — — — — —

PLAINTIFF ;  JOHN SCOTT JORGENSEN
Post Office Box 242 ,  South Bristol ,  Maine   045

V.

ATTORNEY MALPRACTICE
1 .  QUESTIONABLE DOCUMENTS
2 .  DISPUTE OF WILL
    Lincoln County Probate Court
    Case Number 2012 - 0221
3 .  CONFLICT OF INTEREST

KATHY JORGENSEN  (ANNE KATHERINE JORGENSEN)
1723 Apache Street ,  Kill Devil Hill ,  North Carolina   27948

ROBERT GREGORY ,  law firm
10 Water Street ,  Damariscotta ,  Maine   04543

MATTHEW NEWMAN ,  Lynch and Newman law firm
19 Vine Street ,  Damariscotta ,  Maine   04543
with his partner ,

JOHN LYNCH ,  law firm 19 Vine Street ,  04543

          DEFENDANTS

1)
THE DEFENDANTS  ,  acting individually
and  as a group ,
by DISPUTING
The Last Will and Testament of
ALICE PEARSON JORGENSEN ,
wrongfully
and illegally deprived me ,
JOHN SCOTT JORGENSEN ,  of my
inheritance as provided by
ALICE PEARSON JORGENSEN'S
LAST WILL AND TESTAMENT ,
Lincoln County Probate Case

P. 1

Docket # 2012 - 0221 .
The amount in question
being  $180 , 000 .00 .
(One hundred and eighty thousand Dollars ,
United States Currency ) ,
plus other valuable considerations .

2)
The Defendants , with affirmative intent
to commit fraud , fabricated two real estate
documents ,  one LIEN against my real property
and a PROMISSORY NOTE ,  each seeking to deprive me
of Twenty Thousand Dollars .
(Twenty Thousand Dollars ,  United States Currency) .

3)
The LIEN does not bear an
original signature ,
also known as a wet signature ,
which is required on a
Real Estate Deed in Maine
and also a Probate Court Document .
A photocopy replica
of my signature is fraudulently placed
on the LIEN .  n .b .  :
I did not sign said LIEN .
FOR THE RECORD  ,  I did not sign ANY
document ,  deed , lien ,  promissory note ,
settlement or agreement
OF ANY KIND for ANY DEFENDANT
in this forum .  n.b.  ATTORNEY
MALPRACTICE ,

4)
No Lien Deed such as the above in this forum
exists in the Lincoln County Registry of Deeds .

5)
The Promissory Note lacks a specific Due Date .
Further ,  a photocopy signature is attached
as a fraudulent effort to make the
Promissory Note binding .  In Probate Court ,
an original signature also known
as a wet signature is required in Maine .

6)
Copy of Document of Lien attached .

7)
Copy of Promissory Note attached .

8)
The Defendants have CLEARLY DISPUTED
THE LAST WILL AND TESTAMENT of
ALICE PEARSON JORGENSEN ,  seeking
 to divide my share as a Beneficiary
between  Peter and Kathy Jorgensen ,
each receiving $90,000.000 ,
(Ninety Thousand Dollars ,   United States Currency)
as a result .

P. 2

9)
Maine attorney
Kevin Weatherby's article in the
"Aging in Maine" periodical is reprinted here ,
the "In Terrorem" section
should be applied
to this forum
in light of the repetitious
and flagrant
reliance on intentional deception
brought before the Probate Court
by the Defendants in this forum .

10)
Ohio Expert Witness Heidi Harralson
has published books on forensic
handwriting ,  Heidi's
article discussing
original signatures ,
wet signatures ,
e signatures and the like
is attached as a courtesy to the Court .
'How Do You Prove Written Forgery" .

11)
An invitation to the Damariscotta attorneys
in this forum
can be made possible
should the Court
adopt a minimal diversity option .

12)
As a courtesy ,  E .  Donald Elliot's article
"The Complete Diversity Requirement for
Federal Jurisdiction : " is attached
for all to review .
I could not agree more with
Yale Professor Elliot's suggestions ,
which would open up the
fairness advantage of Federal Courts
to litigants seeking
"a home court advantage"
in state court .

13)
I handed over all of The Decedent
ALICE PEARSON JORGENSEN'S
stocks and bonds
to the Robert Gregory law firm , in person ,
which I doubt was handled properly ,
no Power of Attorney in place .
No inventory of said securities present
in Defendant's settlement option .
I also dispute the thirty thousand dollar
value as put
forth by Robert Gregory ,
such an even number
being impossible .
I hereby DEMAND
an Inventory

P. 3

of all the Decedent's
Stocks and Bonds
delivered by hand
by myself
to Robert Gregory's law office .

14)
A CONFLICT OF INTEREST was admitted
by Robert Gregory to the Overseers .
I waive any secrecy requirement
imposed by the Overseers'
Julia Sheridan
in order to remove any doubt
of this .
Robert Gregory
joined forces with Lynch and Newman ,
in SECRECY .

15)
The defendants , herein  et . .al , ,
prepared a lien and a promissory note
to be used against the value of my property
at 1575 State Route 129 ,
South Bristol ,  Maine   04568
should I ever sell it ,
$20,000.00 dollars each .
I DEMAND an original signature
on both documents ,
otherwise known as a wet signature .

16)
The LIEN ,  copy attached ,
has not appeared
in the Registry of Deeds at the
Lincoln County Courthouse
at Wiscasset ,
Maine ,  to date ,  Furthermore ,
the LIEN lacks an original signature
required in Maine on
all real estate documents ,
Probate Documents included ,  with
certain exceptions such as
Power of Attorney
also various versions of Adobe ,
Acrobat ,  Sign  , and others
with  required registration
and documents attached
as needed .,
also known as "e signatures" .

17)
The PROMISSORY NOTE also lacks my
original signature ,
also known
as a wet signature in forensics
.

18)
The LIEN was prepared by
Tina Gardner - Best ,
employed at the

Robert Gregory law firm , located at
Damariscotta , Maine .

19)
The PROMISSORY NOTE was prepared by
Eileen Lewandowski ,
an employee at the Lynch and Newman
law firm located at
Damariscotta , Maine

20)
THE COURT should strike down
any authority from said LIEN and
PROMISSORY NOTE . This action
could possibly curtail
꒦ꓸꓽꓽꙍ꒡꒦ ꓽꓽ꒡ꙍꙶ� ,
frequent burglaries at 1575 Rt .129
South Bristol , Maine , and sooth
the emotional distress
                        burglaries
continue to inflict .

21)
Lincoln County Probate Case # 2012 - 221 .
Alice P . Jorgensen . Overseers : GCF # 22-086
John Jorgensen waives any confidentiality on all .

---

ROMAN NUMERAL 1

BACKGROUND

22 )
Alice Armsby Lee Pearson Jorgensen (Alice P . Jorgensen)
died in June of 2012 .
Lincoln County Probate Case # 2012 _ 0221 was filed
at Wiscasset , Maine in Lincoln County Probate Court .

23)
Alice Armsby Lee Pearson attended Elementary
School in Willmette , Illinois
and Bayside , Queens , NY .
Alice was a graduate of Scarsdale
High School , NY . .
Alice Graduated from Oberlin College in Ohio .

24)
Alice took a job at Irving Trust
in Manhattan , NY . after college .

25)
During World War 2 , Alice joined
The UNITED STATES NAVY . The Navy

P. 5

enrolled Alice in Harvard Business School .

26)
Thereafter Harvard ,  the Navy gave Alice a
Commission of Lieutenant ,  junior grade ,
and tasked her as
Paymaster and Disbursement Officer
for the Naval Air Station ,  Patuxent River ,
Maryland ,
a job requiring a firearm be carried .
Alice carried a cash drawer from the Drill Hall
to the Cafeteria  where
Navy personnel could receive their paychecks
and cash them
if they wanted .
Alice never drew her firearm .

27)
Alice met and married Lieutenant ,
junior grade ,
John Bernhardt Jorgensen , from
Beverly ,  Massachusetts ,
a Navy pilot of some success ,
Aircraft Carrier Wasp ,  CV - 7 , 1942 ;
then Aircraft Carrier
Saratoga CV -3  ,  1943 .
The Wasp suffered
multiple torpedo hits on15 Sep 1942
and went to the bottom .
Saratoga survived the war .
Taking it upon himself ,
dad ,  helping Saratoga's crane crew ,
suffered multiple fractures of his right leg and
returned to Patuxent River NAS
for Test Pilot Training .
There Alice and John B .  met and married .

28)
Kathy came along in  1946 ,  then me  1947 ,
 Peter  ,  52 or 53 ,  not sure .

29)
Family moves : NAS PAX R Maryland ,
Newport ,  Rhode Island ;
Sanford , Florida ,
Pensacola Florida ;
Lafayette ,  Rhode Island ;  Norfolk ,  Virginia ;
Alameda ,  California ;
then back to Patuxent River Naval Air Station ,
then by sailboat
to Long Island ,  New York .
possibly not in exact order .

30)
Our family acquired 20 Preston Street ,
Huntington ,  New York
in July of 1961 for
$33,000.00 .

31)
Grumman Aircraft of Bethpage ,  NY ,  employed dad .



7 years of military industrial congressional complex
caused dad to
move to South Bristol , Maine .

32)
Buying from well known Oliver Wendell Holmes ,
dad purchased
the property from McDaniel to Longfellow
for twenty thousand dollars .
Some hackles were raised with the rock blasting
to start the foundation
for 1575 State Route 129
but they soothed
when it stopped . Early 1970s .

33)
Decedent Alice P . Jorgensen
maintained the premises at 20 Preston Street ,
taking a job as a page at the
Huntington Public Library , NY .

34)
Alice furthered her education at
C . W. Post College ,  earning her
Master's Degree in Library Sciences .
Alice became promoted
to Head of the Reference Department
at the Library ,
second to no public
library in Eastern Long Island ,  noted
for its' inventory of law
books  ;  New York Supplement ,
Federal Supplement and others
all kept up to date .
Of course ,  that litigious area held
College Law Libraries and
government law libraries as well .
(Eastern District of New York)

36)
Alice put in 23 years as a Public Servant at
Huntington Public Library ,  New York .

37)
After her retirement ,
The State University of New York
Hospital at Stony Brook
saved Alice's life with an
emergency operation .
A shortage of blood to Alice's brain
slowed her recovery .

38)
Shortly thereafter ,  Alice and
Kathy Jorgensen accommodated
Alice at the Wynwood assisted living facility near
Chapel Hill ,  North Carolina .

39)
December of 1998 ,  the University of
North Carolina Medical Center at

P. 7

Chapel Hill
helped Alice with post op recovery ,
restoring Alice's ability
to drive an
automobile and take some world tours .

40)
Things went badly at Wynwood when
they lost their cook .
The way I heard it ,  the janitor handed out bologna
sandwiches but Alice didn't get hers .

41)
On September 30 ,  1999 ,  Alice leased
Apartment # 908 at Coburg Village in
Rexford ,  New York ,   12148   , as an
original tenant ,  Coburg had just opened up
under Lutheran management .  5 stars .

42)
At Alice's 90th birthday party
at Coburg Village ,
²⁶ July ,  2011 ,
           Kathy Jorgensen
laid out an inconsiderate ,
shocking and depressing
announcement
They ,            Kathy ,  had tricked
Alice into signing
a termination of her lease document
on Apartment # 908 ,
terminating her lease and
giving her 20 days to move out  .

43)
          . Kathy Jorgensen
did not show
Alice ,  in person ,
what she was getting in for
by their failure to take her to
High Point prior to her move .

43)
I was completely off balance at this
unfortunate development ,
if ever there were a
time to call a lawyer ,  that was it .

44)
When I explained to Alice
at her apartment ,
after the birthday party ,
what had happened ,
it produced anger
beyond measure for  Alice ,
not soon to be forgotten .

45)
Alice immediately ended her joint bank accounts with
Kathy and    ( - before leaving Coburg .  There is a
remainder of $ ₁₀₀ dollars languishing in the Fletcher

P. 8

lost asset recovery company located at Roslyn , NY .
plus or minus . (attachment)

46)
On August 17 , 2011 , under
questionable and lamentable
circumstances at best ,
devious and criminal circumstances
in the worst light ,
Decedent Alice P . Jorgensen moved
from Apartment # 908 at
Coburg Village to High Point
Mental Asylum . Involuntary Commitment .

47)
At High Point Mental Asylum there were couples
hanging on to each other , wandering aimlessly ,
an unforgettable older lady in the common
room , advising everyone in a loud voice to
"Go to H*** " , (not heaven) .

48)
Contrast to Coburg Village ; Alice's neighbor
across the hall the former President of Rensselaer
Polytechnic Institute . Next door at Coburg Alice's
best friend Jane .

49)
Involuntary Commitment is covered under New York
State Mental Hygiene Law Sections 9.27 (a) and
9.27 (b) . From "New York State Involuntary
Commitment Laws" by Sandra King , reviewed by
Melissa McCall , J .D . , M . S . , .
In short , 2 letters signed by mental health
professionals being required with DANGER to self
and / or others being the over arching concern .

50)
Alice P . Jorgensen summarily refused incarceration
on her first day at High Point , saying in front of Peter ,
Kathy and John Jorgensen , (myself) , : "I'm not staying here" .

51)
Peter and Kathy scolded me with wagging pointed fingers
and I quote them verbatim : "don't you dare mess with our plans"
right in front of Alice .

52)
It took about ten days to prepare an exit strategy for Alice
and return the tractor trailer to Connecticut .

53)
The first thing Alice and I did when we got to Maine
was to go to Pemaquid Point Lighthouse and get
lobster rolls at the snack bar .

54 EDITED          JSJ 24OCT24

P. 9

ROMAN NUMERAL  II


JURISDICTION AND VENUE

55)
This is a Civil Action for Money Damages against the
Defendants ,  John Lynch ,  Matthew Newman ,
Robert Gregory ,  . . .  . . . .  . . . ,  Kathy Jorgensen
inclusive ,  and their agents and employees .

56)
It arises out of the manufacture of questionable legal
documents surrounding the Probate Case of
Alice P . Jorgensen  - Lincoln County Probate 2012 - 0221 ,
by the Defendants ,   (COMPLAINT NUMBER ONE) ,
Also ,

57)
The DISPUTE made by the Defendants against
The Last Will and Testament of Alice P . Jorgensen ,
(COMPLAINT NUMBER TWO) ,  also ,


58)
an INTEREST TO DEFRAUD by
Defendant Robert Gregory with no notification to
myself ,   I was Robert Gregory's Client ,  and ,

59)
lacking   my signature plus
other procedural requirements .
 n.b. ,  Robert Gregory created
A CONFLICT OF INTEREST
GENERATED IN SECRECY .
(COMPLAINT NUMBER THREE) .

60)
JURISDICTION over the subject matter
of this case arises
under Title 28 ,  United States Code ,
Section 1331 ,  and ,
Title 28 United States Code
Section 1332 .

61)
This Court may properly assert personal Jurisdiction
over all of the named Defendants because of their
presence and activity in ,  and connections to ,
this forum .


Roman Numeral 111 (THREE)  - VENUE .


62)
The Decedent ,  Alice P .  Jorgensen ,  was a
Representative of The



UNITED STATES GOVERNMENT
in times of WAR ,  from 1943 to 1945 .
Decedent Alice was entrusted with counting
and disbursing all monies
to all U . S . Navy personnel and civilians
at Naval Air Station ,
Patuxent River Maryland .

63)
I pray ,  due to the more northerly
latitude of the
United States District Court at Bangor ,
Maine and with its'
lesser case load ,  and with its'
reputation for fairness ,  and ,
in consideration of Alice P .  Jorgensen's
prior service to
THE UNITED STATES GOVERNMENT ,
and
CIVIL SERVICE ,
is the
United States District Court at Bangor ,
Maine ,
review ,  with scrutiny ,  the proceedings of
Alice P .  Jorgensen's Estate ,
Lincoln County Probate Case # 2012 - 0221

64)
Travel between South Bristol to the
Portland Court is complicated
by one construction site after another ,
prime time movement of
heavy traffic gives rise to
impatience by some
drivers .

65)
I am a senior citizen ,  although the miles
might be greater to drive through Augusta
from South Bristol
then continuing to
Bangor ,
the Route 95 corridor makes for
easier traveling .

66)
The Bangor Court has a non-discriminational
Public Library across the street
to which I have obtained
 a library card .

67)
Augusta has legal facilities
and copy services .
I am seeking the assistance
of an attorney
in Augusta .

68)
Again ,  consideration given to

P , 11

Yale Professor Eliot's
article recommending
minimal diversity
(Point / Paragraph 12) ,
above ,
Minimal diversity
will allow
an equal amount of fairness
to all .
Enlightened thinking can
include regarding
MINIMAL DIVERSITY
as a
CONSTITUTIONAL RIGHT .

69)
ATTORNEY MALPRACTICE may have a
remedy in State and Federal Law .

70)
Alice and I purchased N787D ,
a 4 seat Beechcraft Airplane ,  which
after Alice's passing ,
had to be sacrificed to pay bills ,
taxes ,  heat and electricity ,
to maintain the South Bristol house ,
a direct result off being denied
my inheritance ;  below
market value .

71)
Bills never stop .  I was forced to
take any small paying job
until I got another tractor trailer .

72)
On December 16 ,  2000 ,  enjoying
a few days vacation ,  I entered the
South Bristol house and found
the aforementioned LIEN DOCUMENT
thumbtacked to the wall of my telephone
room .  I IMMEDIATELY recognized
the FORGERY in its' makeup .
By now ,        Jorgensen's burglaries
had become a constant nuisance ,
no surprise at all how the
LIEN DOCUMENT got there .
Jorgensen may deny putting the
LIEN DOCUMENT in my house .
From there ,  I
approached the Overseers in
Augusta .  It took me a
while to find them .

73)
After Alice moved to
North Carolina ,

I started
paying all the bills at
20 Preston Street ,
Huntington ,  NY .  7200 dollars
a year to the town ,
between all the rest ;
telephone ,  electric ,  fuel oil ,
new washer and dryer ,
easily $ 10,000.00
(ten thousand dollars) .

74)
After Alice moved to North
Carolina ,          Kathy
contributed nothing towards
the bills at Huntington ,  NY .

*EDITED 24 OCT 24 JSJ*

75)
The blank space where the
Defendants
sought my acceptance of their
SETTLEMENT AGREEMENT
tells its' own story .

ROMAN NUMERAL IV (FOUR) -  THE PARTIES .

PLAINTIFF   ,  Pro Se ,
John Scott Jorgensen ;
Post Office Box 242 ,
South Bristol ,  Maine   04568 .
Telephone 631 508 1759
jorgensenjxj@gmail.com .

*STILL CURRENT*

*N.Y. : 115 MONTAUK HWY. EAST MORICHES NY LUFKER AIRPORT (49N) 11940  631-469-8220*

*631-469-8220*

DEFENDANTS

*EDITED 24 OCT 24 JSJ*

Kathy Jorgensen
1723 Apache Street ,  Kill Devil Hill ,  North Carolina   27948
Telephone : 336 512 0097 ,  email unknown

John Lynch
and
Matthew Newman

share an office at 19 Vine Street  ,
Damariscotta ,  Maine   04543
Telephone :  207 563 1700
fax :  207 563 3153  ,  email unknown

Robert Gregory ,  P.O. Box 760 ,
10 Water Street ,
Damariscotta ,  Maine   04543 .
Telephone :  207 563 8104  .
email : robg@robgregory.com

<u>Federal Courts</u>

<u>Note</u> 137 Harv. L. Rev. 1226

Federal Questions and the Probate Exception

- Volume 137
- Issue 4
- February 2024

From time to time, contests over decedents' estates arrive in the federal courts. One such case began when a hotel magnate, dividing his empire among the children of his first and second marriages, appointed an executor in his will.[1] As a daughter of the second marriage saw it, the executor administered the estate in a way that favored the children of the first marriage.[2] So she sued — alleging, among other things, "fraudulent interstate communications" that entitled her to recover under the Racketeer Influenced and Corrupt Organizations Act[3] (RICO).[4] To hear her claims, she chose a federal district court.[5]

Whether a federal court may hear such claims, however, turns on the "probate exception." The exception says that federal courts lack subject matter jurisdiction to probate wills or to administer decedents' estates.[6] But the boundaries of this principle are far from clear. Whether the probate exception can apply at all to a claim under a federal law like RICO is a question almost unexplored,[7] a particularly hidden turn within "one of the most mysterious and esoteric branches of the law of federal jurisdiction."[8] Decisions often steer around the issue altogether, as the court of appeals did when it encountered the