UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
**JOHN SCOTT JORGENSEN**, :
:
                   Plaintiff, :
:
          – against – : **MEMORANDUM DECISION AND ORDER**
:
**LYNCH & NEWMAN LAW, ROBERT** : 24-CV-7452 (AMD) (SIL)
**GREGORY LAW FIRM,** and **KATHY** :
**JORGENSEN** :
:
:
                  Defendants. :
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On October 25, 2024, the *pro se* plaintiff brought this action against Robert Gregory, named on the docket as "Robert Gregory Law Firm," and Lynch & Newman, LLC, named on the docket as "Lynch & Newman Law" (together the "attorney defendants"), and also against his sister, the *pro se* defendant Kathy Jorgensen, for tortious interference and breach of contract in connection with the administration of his mother's estate. (ECF No. 1.)[1] On August 25, 2025, the Court dismissed the complaint for lack of diversity jurisdiction. (ECF No. 24.) The Court held that the plaintiff's earlier lawsuit in the District of Maine "almost certainly bars the Court from reconsidering the question of diversity in this action," because the District of Maine action involved the same parties and causes of action, and there the court determined that the plaintiff and the defendant attorneys were all Maine citizens. (*Id.* at 8–9 (citing *Jorgensen v. Jorgensen*, No. 22-CV-397, 2023 WL 2308701, at *1 (D. Me. Mar. 1, 2023), *report and recommendation adopted*, No. 22-CV-397, 2023 WL 3006490 (D. Me. Apr. 18, 2023), *aff'd*, No. 23-1408, 2024

---

[1] The Court assumes familiarity with the facts of this case, which are detailed in its August 25, 2025 Order. (*See* ECF No. 24.)

1

WL 4753659 (1st Cir. July 10, 2024)).) The Court also found that the plaintiff had not "met his burden of showing that his domicile changed from Maine to New York" after the District of Maine action. (*Id.* at 10.) In his form complaint, he listed two addresses: a defunct Long Island airport and a Maine address. He did not allege any facts from which the Court could conclude that his domicile changed from Maine to New York. (*Id.* at 10–11.) Nevertheless, in light of the plaintiff's *pro se* status, and in an excess of caution, the Court granted the plaintiff leave to amend his complaint within thirty days of the dismissal order "with truthful and accurate information about his residence." (*Id.* at 11.)

On September 23, 2025, the Court granted the plaintiff's request for an extension of time to file an amended complaint so that he could find an attorney. (*ECF Order dated Sep. 23, 2025*.) On September 25, 2025, the plaintiff, still proceeding *pro se*, filed an amended complaint. (ECF No. 28.) The attorney defendants moved to dismiss the amended complaint, reiterating the arguments they made in their motions to dismiss the original complaint. (ECF Nos. 29–31.) On October 14, 2025, the plaintiff notified the Court by letter that he had retained counsel from Mogan Legal Group, P.C. (ECF No. 32.) When counsel did not appear in the case, Magistrate Judge Steven I. Locke ordered his counsel to file a notice of appearance pursuant to Local Civil Rule 1.4(a); in the alternative, Judge Locke directed the plaintiff to update the Court as to the status of his representation. (*ECF Order dated Oct. 22, 2025*.) On October 25, 2025, Morgan Legal Group P.C. advised the Court that it did not represent the plaintiff. (ECF No. 35.)[2] The plaintiff filed a motion for "plain language" on October 28, 2025 (ECF No. 36), which the Court construes as his opposition to the defendants' motions to dismiss.

---

[2] On November 25, 2025, the plaintiff filed a letter advising the Court that he was trying to "retain Levin Law of Brooklyn as [his] attorney." (ECF No. 38.)

In his amended complaint, the plaintiff does not dispute that the address he listed as his home is the address for Lufker airport. (ECF No. 28.) Rather, he says that "Airnav.com [s]till lists the airport as open," that "Brookhaven has demolished all the buildings to include all my court records," and that the airport "still belongs to Dorothy [Lufker] based on information and belief." (*Id.* at 1.) The plaintiff also says that he worked in New York more than thirty years ago, and he "did 28 months in the N.Y. corrections department starting in 1988 ending in 1990." (*Id.* at 8–10.) The plaintiff lists a new address in his amended complaint: "Center Moriches Free Public Library." (*Id.* at 12.) He also says that "Maine has offered [him] no income except for food stamps, about 45 dollars a month." (*Id.* at 8.)

The plaintiff has not met his burden to show that he changed his domicile from Maine to New York. In 2023, the court in the District of Maine action found that the plaintiff was a Maine citizen for purposes of diversity jurisdiction. *See Jorgensen*, 2023 WL 2308701, at *1. The plaintiff does not allege that he moved to New York when he filed his complaint in this case or that he intends to remain in New York. *See Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) ("For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed."); *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("To effect a change of domicile, two things are indispensable: First, residence in a new domicil; and, second, the intention to remain there." (citation omitted)). The plaintiff's claims that he lives at a nonfunctioning airport and a public library do not satisfy his burden. Thus, the plaintiff has not alleged any facts from which the Court can conclude that the plaintiff's domicile has changed from Maine to New York. *See Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 100 (E.D.N.Y. 2019) ("Plaintiff has proffered minimal evidence that

3

would support a finding that, upon his return to Vermont in July 2015, he intended Vermont to be his domicile.").

Accordingly, the amended complaint is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

s/Ann M. Donnelly<br>
ANN M. DONNELLY<br>
United States District Judge

Dated: Brooklyn, New York
       December 1, 2025